Paul Dixon v. Nathan Mayo, as Commissioner of Agriculture.

168 So. 800.
Division B.
Opinion Filed June 8, 1936.

*H. O. Brown,* for Petitioner;
*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Respondent.

Buford, J.—This original proceeding in habeas corpus.

In short, the Petitioner contends that he is entitled to be discharged from custody of the Custodian of the State Prison in which prison he is serving a sentence of fifteen years under judgment of conviction of robbery, the contention being that the judgment is void. The judgment was in the following language, to-wit:

"State of Florida v. Paul Dixon.

"Robbery From the Person While Armed.

"You having been convicted of the charge of the indictment of Robbery from the person while armed, the Court adjudges you to be guilty; It is, therefore, the judgment of the Court and sentence of the law that you, Paul Dixon, for your said offense, be confined at hard labor in the State Prison of the State of Florida, for the period of Fifteen (15) Years.

"Thereupon the Prisoner was remanded to the custody of the Sheriff of Broward County, Florida."

· The Indictment under which Petitioner was convicted charges that:

"PAUL DIXON, late of the County of Broward, aforesaid in the Circuit and State aforesaid, on the 24th day of October, in the year of our Lord One Thousand Nine Hundred and Thirty-four, with force and arms at and in the County of Broward aforesaid unlawfully and feloniously an assault did then and there make upon one Lawrence H. Miner and Roland Kelly and did then and there feloniously rob, steal and take from the person or custody of the said Lawrence H. Miner property or money, the subject of larceny, to-wit: certain bank bills and notes, commonly known and denominated lawful currency of the United States of America, the number and denomination of which are to the grand jury unknown, a more particular description of which is to the grand jury unknown, amounting in the aggregate to the sum of Thirty-nine ($39.00) Dollars, lawful currency of the United States of America, and of the value of Thirty-nine ($39.00) Dollars, the property of the said Lawrence H. Miner, against the will of the said Lawrence H. Miner."

The Petitioner contends that the judgment of conviction was of the offense denounced by Section 5055 R. G. S., 7157 C. G. L., as amended by Chapter 13792, Acts of 1929. The contention is not supported by the record. The indictment does not attempt to charge the elements of the crime of robbery denounced by this section of the statute. It does, however, sufficiently charge the offense denounced by Section 5056 R. G. S., 7158 C. G. L., and the judgment is a sufficient judgment under provisions of that section. The words in the judgment "while armed" should be construed and held to be surplusage because they mean nothing which will add to or take from the judgment. The gist of the offense is robbery from the person and it is immaterial whether

that person be armed or not. The language "while armed" as used in the judgment is so used as to refer to or describe the person robbed and not to describe the condition of the robber in this regard. The section of the statute 5055 R. G. S., as amended by Chapter 13792, *supra,* is headed:

"ROBBERY BY PERSON ARMED" *and not* "ROBBERY FROM A PERSON WHILE ARMED." Therefore, the contention that the defendant was adjudged to have been guilty of the offense denounced by that section is not tenable.

The judgment is not void. The penalty imposed was the penalty prescribed as the maximum under Section 5056 R. G. S., 7158 C. G. L., and, therefore, the sentence was legal.

The writ of habeas corpus should be quashed and the Petitioner remanded to the custody of the Commissioner of Agriculture of the State of Florida as Custodian of State Prisoners.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.